IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 9 2003

CLERK

DAVID S. PETERSON,

  Plaintiff,

v.

No. CIV-02-1487 MCA/ACT

IRMA LUCERO, CARL TOERS-BIJNS,
THERESA MARQUEZ, JOHN SHANKS,
JERRY TAFOYA, ROB PERRY,
TIM LEMASTER,

  Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint sets out claims of retaliation, cruel and unusual punishment, and denial of free speech and due process. These claims are based on allegations of, inter alia, confiscation of papers and other personal property; improperly conducted disciplinary proceedings; violation of New Mexico's open meetings act; wrongful segregation and transfer; denial of visitation rights, access to the courts, sleep, medications, and sanitary conditions; and unlawful court fees. Plaintiff alleges that he has exhausted administrative remedies, but all documents that would demonstrate exhaustion have been confiscated by corrections personnel. The complaint seeks damages.

No relief is available on Plaintiff's due process claims relating to his classification and transfer. Plaintiff has no due process right to a particular classification, *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994), or to placement in a particular facility. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *Jordan v. Williams*, No. 00-2235, 2001 WL 28020, at *2 (10th Cir. Jan. 11, 2001) ("fact that inmate is transferred to, or must reside in, a private prison, 'simply does not raise a federal constitutional claim' ") (quoting *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)). These claims will be dismissed.

Plaintiff's claim of denial of access to the courts as a result of Defendant's failure to provide him with legal assistance requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based

on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges that Defendants do not provide adequate legal assistance. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on this claim.

Plaintiff's claims of denial of free process, violation of the state open meetings act, and destruction of property will also be dismissed. The filing fee provisions of the in forma pauperis statute have been held constitutional. *White v. Colorado*, 157 F.3d 1226, 1233-34 (10th Cir. 1998). Furthermore, Plaintiff has no private damages claim under the open meetings act. N.M. Stat. Ann. § 10-15-3(B) and (C) (Michie Cum. Supp. 2002). And finally, resolution of Plaintiff's claim for destruction of personal property is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that the state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional.

The claims discussed above will be dismissed. Summonses will be issued, for the two Defendants whose addresses have been provided, on Plaintiff's First Amendment retaliation claims,

and on his Eighth Amendment claims for cruel or unusual punishment.

IT IS THEREFORE ORDERED that Plaintiff's claims for denial of due process relating to his classification and transfer, denial of access to the courts, denial of free process, violation of the state open meetings act, and destruction of property are DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Lucero and Toers-Bijns on Plaintiff's claims for retaliation and cruel and unusual punishment.

_____
UNITED STATES DISTRICT JUDGE